CHARLES C. GEORGE, APPELLANT, V. AETNA CASUALTY &
SURETY COMPANY, APPELLEE.

FILED OCTOBER 1, 1931.   No. 27734.

*Gaines, McGilton, McLaughlin & Gaines,* for appellant.

*Brown, Fitch & West, contra.*

(647)

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

A judgment was entered in the lower court in favor of the Aetna Casualty & Surety Company, defendant, in an action brought against it by Charles C. George, plaintiff, upon a public liability policy. The plaintiff appeals.

The facts as disclosed in the record show that August 1, 1925, said plaintiff, George, purchased of defendant a renewal of his combination public liability policy upon his residence property, located at 5218 Chicago street, in Happy Hollow addition to Omaha, paying therefor a premium of $103.35. This policy was to protect him from loss or expense arising or resulting from claims for damages on account of personal injuries or death accidentally suffered by any person or persons while within, about, or adjacent to his residence.

About 5:00 p. m. on the evening of January 20, 1926, while this public liability insurance policy was in force, one Anna M. Lindstrom, about 50 years of age, was walking along the sidewalk in front of plaintiff's residence, and claimed that by reason of the snow and ice, which had not been removed from the sidewalk, she slipped, fell and broke her leg. Plaintiff first learned of the accident several weeks after it occurred, when a sister of the woman called at his office and said that she had received an injury, but he does not recall that she said it was a broken leg, and wanted to know if he would be willing to help her pay some of the doctor's expenses, but plaintiff does not recall that any reference to a hospital was made at that time. Plaintiff knew Anna M. Lindstrom, as she had served as a waitress at his home on different occasions several years before that time; that when he learned of her injuries he did not know and had no reason to believe or suppose that he was in any way responsible or liable therefor; that immediately thereafter plaintiff left Omaha on a trip and was gone for several weeks; that he heard nothing more of the matter for months, but in November or December, 1926, an attorney named Palmer called on

him and claimed he was liable for the accident. The plaintiff immediately notified the agent of the defendant insurance company.

Anna M. Lindstrom filed her petition for $25,000 damages against the plaintiff herein upon December 21, 1926, and service of summons was had on the plaintiff on December 23, 1926. The plaintiff herein gave a written report of the accident to the insurance company on December 29, 1926, on a form furnished him by the agent of the insurance company. Thereupon a representative came to Mr. George's office and asked him to write out a statement for the company, which he did, and it was received in evidence as exhibit 5, and reads as follows:

"Omaha, Nebr. Jan. 5th, 1927.

"I, C. C. George, state in reference to suit brought against me by Anna M. Lindstrom for injury resulting from slipping on the sidewalk in front of my residence at 5218 Chicago St. sometime about a year ago, that my first knowledge of this accident was gained sometime in the spring of 1926, in either February or March, when the sister of the injured woman called at my office and told me of the accident. The sister made no claim on me for damages but asked me if I could not do something to help the injured out. The sister of the injured at the time hinted that there might be some liability on my part for the occurrence of the accident. However, the discussion was friendly and she did not press the point. I advised this sister that I did not consider myself in any way liable. Shortly after this conversation I left Omaha for a trip of a month and I heard nothing more from Miss Lindstrom or any representative of hers until about a week before the lawsuit was brought when an attorney named Palmer called on me and made demand for damages.

"Charles C. George.

"Witness W. B. Taylor."

The insurance company refused to defend the suit and denied liability to plaintiff under its policy on the ground that plaintiff had failed to give them notice of the accident within a reasonable time after its occurrence, as required

by the terms of his policy, a provision therein reading as follows: "A. Upon the occurrence of an accident the assured shall give immediate written notice thereof with the fullest information obtainable to the company or its duly authorized agent. Notice given by or on behalf of the assured to any authorized agent of the insurer within the state, with particulars sufficient to identify the assured, shall be deemed to be notice to the insurer. Failure to give any notice required to be given by this policy within the time specified therein shall not invalidate any claim made by the assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible. If suit is brought against the assured to enforce such a claim for damages he shall immediately forward to the company every summons or other process as soon as the same shall have been served upon him, and the company will, at its own costs, defend such suit in the name and on behalf of the assured. The company may at its option settle any claim or suit."

The plaintiff was thereupon compelled to employ attorneys to defend him in the suit filed against him. They prepared the answer in the case, and in that connection testified that there was a considerable amount of briefing done and investigation of the law, because there were a number of legal propositions that they had to go into before being in a position to prepare the defense of the case. They first made an investigation as to whether or not there was involved a violation of any city ordinance. They decided there was no city ordinance requiring a property owner to remove ice from his sidewalk. Then they investigated as to whether it was private property or a public highway, and as to the elevation of the property, whether or not there was a terrace there and a natural flow of water from melting snow, how the water had lodged, etc. Shortly before the time of trial Mr. George's attorneys investigated the records of the rainfall and the temperatures and everything in connection with the condition of things at the time of this accident. They interviewed a number of witnesses,

some of them having been interviewed several times. The actual trial of the case took about two days, and the total accumulation of time spent in getting ready for trial would be over two weeks of the time of both Attorney F. H. Gaines and his son, F. S. Gaines. They made two arguments to the jury and won the case for the plaintiff. There was a motion for a new trial filed, which was argued and won.

The plaintiff filed this suit against defendant insurance company upon October 13, 1928, setting out the facts and praying for a judgment for his attorneys' fees in the sum of $1,500 and expenses of $45.50, making a total of $1,545.50 which he had been compelled to expend to defeat the damage case brought against him, together with 7 per cent. interest from May 28, 1927, and costs and attorneys' fees.

The answer alleged that the plaintiff had knowledge of the accident of Anna M. Lindstrom shortly after the accident occurred, and that plaintiff knew shortly after the accident that said Anna M. Lindstrom had suffered a serious injury, and that plaintiff knew that in all likelihood a claim would be made upon him because of said accident and injury and, notwithstanding the conditions and provisions of said policy requiring plaintiff to give immediate notice with the fullest information obtainable to the defendant company, or its duly authorized agents, of any accidental occurrence, plaintiff in breach of said condition and contract failed and omitted to give defendant any notice thereof until December 26, 1926, and plaintiff, by his failure and neglect to give defendant immediate notice as required by said contract, thereby deprived defendant of a full opportunity to make an investigation of the facts, conditions and circumstances surrounding said accident, and thereby deprived defendant of an opportunity not only to investigate the accident but to bring about a settlement thereof. The answer further alleged that the cost and expenses, including attorneys' fees rendered the plaintiff in the action, do not exceed the sum of $500. The answer contained the statement that in setting up the defense with

respect to the reasonableness of the attorneys' fees the defendant did so without waiving its first defense previously pleaded.

The plaintiff by way of reply to the answer of defendant alleged that, while he learned within a few weeks thereafter of the injury to Anna M. Lindstrom which occurred on the public streets of Omaha, he did not know and had no reason to believe that she intended to or would make any claims whatever against him because of her injury, and plaintiff further stated that as soon as he learned that the said Anna M. Lindstrom made claim that he was in any way liable for her injury he gave notice to the defendant company in December, 1926. The reply contained a general denial of all other matters pleaded in the answer.

Trial was had to a jury. Evidence as to the value of the attorneys' fees was given by Francis S. Gaines, Frank S. Howell, Alfred G. Ellick and E. G. McGilton for plaintiff, and by Benjamin S. Baker, George L. De Lacy and George N. Mecham for defendant. At the close of the evidence the defendant moved the court to instruct the jury to return a verdict for the defendant, or, in the alternative, to discharge the jury and enter judgment in favor of the defendant. It was ordered by the district judge that the cause be dismissed at costs of plaintiff. The motion for new trial was overruled.

1. It is sometimes a disputed question as to whether an "accident" has happened within a provision demanding that a notice be sent to the insured when an accident occurs. *McKenna v. International Indemnity Co.*, 125 Wash. 28.

It is not every trivial mishap or occurrence that the insured under such a policy must regard as an accident, of which notice should be given immediately to the insurer, even though it may prove afterwards to result in serious injuries. *Melcher v. Ocean Accident & Guarantee Corporation*, 226 N. Y. 51.

The word "immediate" means in such convenient time as is reasonably necessary under the circumstances. 7 Couch, Cyclopedia of Insurance Law, sec. 1538f; *Feder v.*

*Midland Casualty Co.*, 316 Ill. 552; *Cady v. Fidelity & Casualty Co.*, 134 Wis. 322, 17 L. R. A. n.s. 260.

Courts have held that the synonymous term "forthwith" means with all reasonable celerity or with reasonable and proper diligence, and what is a reasonable time depends on the circumstances of each particular case. *Simmons v. National Live Stock Ins. Co.*, 187 Mich. 551, Ann. Cas. 1917D, 42.

Notice is not required until such facts have developed as would suggest to a person of ordinary and reasonable prudence that liability may arise, and the requirement of notice is met by giving notice within a reasonable time after the injury presents an aspect suggestive of a possible claim for damages. 7 Couch, Cyclopedia of Insurance Law, sec. 1538f; *Chapin v. Ocean Accident & Guarantee Corporation*, 96 Neb. 213; *Aetna Life Ins. Co. v. Bethel*, 140 Ky. 609; *Southern Surety Co. v. Heyburn*, 234 Ky. 739; 3 Blashfield, Cyclopedia of Automobile Law, 2662; *Kaneft v. Mutual Benefit Health & Accident Ass'n*, 102 Neb. 87.

The term "immediate notice" is to be reasonably construed in connection with the attendant circumstances, and in a case where there is no bodily injury apparent at the time of the accidental occurrence and there is no reasonable ground for believing that a claim for damages may arise therefrom, the assured is not required to give the insurer notice until the subsequent facts as to the injury are brought to his attention, and if notice is given immediately thereafter with full information as to the accident, such notice will be sufficient compliance. *Midland Glass & Paint Co. v. Ocean Accident & Guarantee Corporation*, 102 Neb. 349.

Immediate notice means within a reasonable time after discovery of a ground for liability or after such a discovery should have been made. *Lucas v. New Amsterdam Casualty Co.*, 162 N. Y. Supp. 191.

The term "immediate," as applied to the time of giving notice of an accident, does not in all cases mean "at once" or "instanter" but has in many cases a relative meaning.

2. Where the serious results of an accident do not make

themselves apparent until some time after the accident, such fact may be taken into account as tending to excuse the delay in giving notice. 7 Cooley, Briefs on Insurance (2d ed.) 5917, 5918, 5921.

A requirement for notice or proof of death immediately or forthwith or at once will not be literally construed, but it is sufficient if the required documents are furnished within a reasonable time under the circumstances of each particular case. *Travelers Ins. Co. v. Nax,* 142 Fed. 653.

In 7 Cooley, Briefs on Insurance (2d ed.) 6089, it is set out that, where no bodily injury is apparent as the result of an accident when it occurs; and there is no reasonable ground to believe a claim for damages will arise therefrom, one is not required to give notice until subsequent facts as to an injury would suggest to a person of ordinary and reasonable prudence that a liability on the part of the owner to the injured person might arise. *Fischer Auto & Service Co. v. General Accident, Fire & Life Assurance Corporation,* 8 Ohio App. 176.

A requirement in a public liability insurance policy that notice of an accident shall be given immediately or forthwith or at once will not be literally construed; but it is sufficient if the required notice be given within a reasonable time under the circumstances of each particular case.

3. Forfeitures are looked upon with disfavor in Nebraska, and in insurance cases a forfeiture will not be declared unless the contract specifically provides for such forfeiture. *Haas v. Mutual Life Ins. Co.,* 84 Neb. 682. This court has held repeatedly that it will not impose a forfeiture by implication or by construction of a contract where there is no specific provision contained in the contract imposing forfeiture. The rule is set out in the syllabus of *Hagelin v. Commonwealth Life Ins. Co.,* 106 Neb. 187, as follows: "Where there is no specific provision in a policy of life insurance for forfeiture, either whole or partial, on a breach of a condition by the assured, the court will not write one in; nor can the insurer afterwards impose new conditions creating a forfeiture without the consent of the insured, and without a new consideration."

"Forfeitures are not favored, and in contracts of insurance a construction resulting in a loss of the indemnity for which the insured has contracted will not be adopted except to give effect to the obvious intention of the parties." *Phenix Ins. Co. v. Holcombe,* 57 Neb. 622. See *Haas v. Mutual Life Ins. Co.,* 84 Neb. 682.

The policy in the case at bar provided that the insured should give immediate notice of an accident, but a careful reading of the policy discloses that it contained no forfeiture clause. This court repeatedly has held that denial of liability on account of failure to comply with a provision in a policy requiring immediate notice to insurer of the happening of an accident amounts to a forfeiture, and that such a forfeiture will not be enforced where, as in the present case, the policy does not provide for such a forfeiture. *Klingler v. Milwaukee Mechanics Ins. Co.,* 193 Wis. 72.

4. In reference to the failure to give immediate notice, insured cannot avoid liability unless it is shown that such breach of condition contributed to the loss. The question of fact as to whether such breach of condition contributed to the loss should be submitted to the jury for determination.

In this case, after the notice was given and the defendant company refused to defend, the plaintiff secured able counsel, who carefully and promptly prepared the case for trial. These attorneys briefed the law, discovered the witnesses, and analyzed the facts and won the case. The representatives of the defendant, with their special training and experience in this particular class of cases, could doubtless have done as well. In what way can it be contended that failure to give notice contributed to a loss which the trial decided did not exist?

The insurer, having positively repudiated all liability under the policy for the accident, thereby relieved the plaintiff of complying with other conditions and compelled him to employ such attorneys as he thought would win the case, and now after they have won the case insurer insists that their fees are excessive. Possibly other attorneys with less

ability or experience might have been found who would have taken the case for less money, but would they have won the case?

Insurance policies prepared by the insurer are ordinarily construed most strongly against the insurer (26 C. J. 72-74) ; especially where a forfeiture is involved, so that indemnity will be granted rather than denied. 14 R. C. L. 926, sec. 103.

Plaintiff calls our attention to the last portion of section 44-322, Comp. St. 1929, reading as follows: "The breach of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability unless such breach shall exist at the time of the loss and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding."

A lack of literal compliance with provisions of the policy is insufficient to avoid liability where it does not contribute to the loss or injure insurer. *McGillicuddy v. New Brunswick Fire Ins. Co.,* 126 Wash. 201; *Klingler v. Milwaukee Mechanics Ins. Co.,* 193 Wis. 72.

5. "In the case at bar there is no charge of fraud or claim of bad faith, nor can there be any pretense that the delay in giving the notice was prejudicial to the insurer. Neither can it be urged that there are not circumstances tending to justify the delay. * * * We are, however, out of harmony with the view, that, in a case of the character under investigation, with its attendant circumstances, where the facts are not disputed, what is a sufficient compliance with the policy requirements as to notice is a question of law. On the contrary, we feel that the insured has a right to have a jury pass on the question and determine whether the circumstances of this particular case did not justify and excuse his conduct." *Employers Liability Assurance Corporation v. Roehm,* 99 Ohio St. 343, 7 A. L. R. 182. See *Metropolitan Casualty Ins. Co. v. Johnston,* 247 Fed. 65, 7 A. L. R. 175.

It is usually for the jury to say whether under all the facts and circumstances the insured had sufficient information to persuade him as a reasonable man that he was

in an accident and that under his policy he should have given written notice to the insurer of the particulars thereof. *Hermance v. Globe Indemnity Co.*, 223 N. Y. Supp. 93.

The most frequently cited Nebraska case is *Woodmen Accident Ass'n v. Pratt*, 62 Neb. 673, 55 L. R. A. 291, 89 Am. St. Rep. 777. Some expressions found in the various syllabi may be condensed as follows: Provisions as to the time in which notice is required to be given are not necessarily and in every instance to be literally complied with. A reasonable and natural construction will be given to such provisions. In this case by a fall from the windmill tower the insured became mentally deranged, and when his wife later discovered the accident policy he denied that he had such insurance. However, she sent in notice of his accident. Our court say: "The verdict of the jury was proper and the evidence sufficient in our opinion to excuse the plaintiff from earlier notifying the defendant of the accident."

In the note in 29 A. L. R. 501, it is said: "It is very generally held that when the facts are not disputed, and the inferences are certain, the question whether the notice given was, under all the circumstances, 'timely' or 'reasonable' or 'immediate,' is one of law for the court, but if the evidence is conflicting, or the inferences uncertain, it should be determined by the jury under proper instructions. *Peele v. Provident Fund Soc.* (1896) 147 Ind. 543, 44 N. E. 661, 46 N. E. 990; *Aetna Life Ins. Co. v. Bethel* (1910) 140 Ky. 609; *Ewing v. Commercial Travelers Mut. Acci. Asso.* (1900) 55 App. Div. 241."

When a policy of liability insurance provides for giving immediate notice of an accident and the insurer denies liability because of a delay in the giving of such notice, and the insured testifies that he did not learn of the accident until six or eight weeks after it occurred, and further pleads as an excuse for not reporting it then that there was no reasonable ground to believe that a claim for damages would arise therefrom, and admits that he did not report it to the insurer until an attorney made a demand upon him for damages some months thereafter; in

such a case the insured is entitled to have all of the facts and attendant circumstances, including the question of whether the facts known to the insured would require a person of ordinary and reasonable prudence to believe that liability to the injured person might arise, submitted to a jury for determination under proper instructions.

For the error in refusing to submit this case to the jury, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

ROSE, J., dissents.