FRAZIER, INC., A NEBRASKA CORPORATION, APPELLEE, v. 20TH CENTURY BUILDERS, INC., ET AL., APPELLEES, OMAHA POURED CONCRETE COMPANY, A CORPORATION, THIRD PARTY PLAINTIFF, APPELLEE, v. TRANSAMERICA INSURANCE COMPANY, A CORPORATION, THIRD PARTY DEFENDANT, APPELLANT.

198 N. W. 2d 478

Filed June 16, 1972. No. 38170.

Haney, Wintroub & Haney, for appellant.

Walsh, Walentine, Wolfe, Miles & Katskee, for appellee Omaha Poured Concrete Co.

Schmid, Ford, Snow, Green & Mooney and Boland, Mullin, Walsh & Cooney, for appellee Frazier, Inc.

Spielhagen, Matejka & Spielhagen and Young, Baird, Holm, McEachen, Pedersen, Hamann & Haggart, for appellees 20th Century Builders, Inc., et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

This appeal is from the sustaining of a motion for summary judgment in a third party action. The principal action was a mechanic's lien foreclosure brought by Frazier, Inc., against Majors, Inc., et al., in which Omaha Poured Concrete Company was subsequently included as a defendant. Majors filed a cross-petition against Fraizer and Omaha Poured, alleging damages as the result of the negligence of Frazier in the installation of the plumbing system which resulted in the collapse of a cement floor poured by Omaha Poured. Omaha Poured was given leave to file a third party complaint against Transamerica Insurance Company as a third party defendant, to recover under the terms of an insurance policy providing coverage to Omaha Poured for consequential damages. We affirm.

Frazier, as a subcontractor under Omaha Poured, installed the plumbing in a building being erected for Majors. The plumbing was installed with removable sleeves around the floor drain to permit the installation of a poured concrete floor. After the completion of the

building, Majors moved its plastic moulding machines onto the concrete floor and started operations. These machines required the discharge of large quantities of water through the drain. After the first day's operation, the concrete floor pulled away from the wall, buckled, and collapsed. It was then discovered that the sleeves had not been properly installed, and after they were removed the water, instead of running off through the drain, went through an unsealed gap into the ground under the floor, undermining it, causing the floor to sink. Notice was immediately given to Transamerica who investigated the damage. Omaha Poured replaced the floor at its own expense. The present third party action involves the amount paid to settle the consequential damages sustained by Majors because of the collapse of the floor, and does not include any part of the cost of replacing the floor.

Omaha Poured was granted leave to file its third party action against Transamerica January 22, 1969. The petition filed January 30, 1969, alleged that Transamerica is obligated to defend Omaha Poured, and to pay any sums of money which may be awarded against Omaha Poured as the result of consequential damages sustained by Majors. Omaha Poured alleged it complied with all of the conditions precedent of said policy, but Transamerica refused to provide coverage for said incident which falls within the terms and conditions of the policy, and has refused to defend Omaha Poured. On June 5, 1969, the issues raised by the third party petition were ordered separated for trial purposes from the issues raised by the principal pleadings.

On July 14, 1969, the day the main action was called for trial, Omaha Poured made a settlement with the other defendants, and judgment was entered against it for Majors' consequential damages in the amount of $14,298.22. The agreement included a covenant that the judgment creditor would not execute against the personal assets of Omaha Poured for more than $1,500 of

the judgment, and would thereafter look to the Transamerica policy for all remaining sums thereunder.

Immediately previous, and on the day judgment was entered, Majors amended its cross-petition to include a special allegation of negligence against Omaha Poured. No notice was given Transamerica of this amendment, but a copy of the judgment entry was mailed to it the same day the judgment was entered.

The trial court sustained Omaha Poured's motion for summary judgment, specifically finding that there was no substantial controversy as to the following material facts: (1) Transamerica knew of the collapse of the floor shortly after it occurred and knew that the potential loss and claim by Majors, Inc., would include not only damage to the floor itself but the very consequential damages which Majors, Inc., ultimately sought by the instant litigation. (2) Pursuant to investigation by representatives of Transamerica, it unequivocally and unconditionally denied any coverage on the policy of insurance for the incident involved herein. (3) Transamerica refused to accede to the demand of Omaha Poured that it take over and defend the cross-petition filed against Omaha Poured by Majors, Inc. (4) Omaha Poured, without the knowledge or consent of Transamerica, entered into a compromise settlement and agreement with Majors, Inc., resulting in a consent judgment against Omaha Poured for the consequential damage sustained by Majors, Inc., with an agreement that no more than $1,500 of the judgment would be collected from Omaha Poured personally. (5) The amendments to the cross-petition of Majors, Inc., just prior to the entry of the judgment were made without the knowledge or consent of Transamerica. (6) The evidence is sufficient to support a finding of legal liability by Omaha Poured to Majors, Inc., for the consequential damage loss to Majors, Inc., resulting from the collapse of the floor, in the amount of the judgment.

The trial court made the following specific findings

of law: First, the policy in question affords coverage to Omaha Poured for the consequential damage claim asserted by Majors, Inc. Exclusions raised by Transamerica in support of its denial of coverage do not apply.

Second, once Transamerica denied coverage to Omaha Poured in the manner in which it did, Transamerica breached its contract with Omaha Poured, relieving Omaha Poured of any obligation under the contract to notify or deal with Transamerica any further regarding the claim.

Third, the allegations contained in the cross-petition of Majors, Inc., prior to the amendments made on July 14, 1969, together with all the pleadings in the case, were sufficient to compel Transamerica to assume the defense of Omaha Poured, and its refusal of Omaha Poured's demand that it do so constituted a breach of its contract with Omaha Poured.

Fourth, Transamerica's breach of its contract with Omaha Poured, by denying coverage and refusing to defend its insured, entitled Omaha Poured to enter into the most favorable settlement and consent judgment possible, which it did.

Fifth, the consent judgment, supported by the evidence, was obtained in good faith and without fraud or collusion. Therefore, having declined to defend the action when called upon to do so, Transamerica may not again litigate the issues that resulted in the judgment.

Transamerica alleges the following assignments of error: (1) Sustaining the motion for summary judgment; (2) determining that Transamerica unequivocally and unconditionally denied any coverage on the policy of insurance; (3) determining there was no genuine issue of material fact; (4) determining that the consent judgment was obtained in good faith and without fraud and collusion; (5) determining that Omaha Poured owed no duty to Transamerica to notify it of amendments to the cross-petition; (6) determining that Transamerica had a duty to defend Omaha Poured under the allega-

tions contained in the cross-petition prior to its amendment; (7) admitting into evidence affidavits offered by Omaha Poured; and (8) failing to sustain Transamerica's motion to vacate the judgment.

Only one of the court's findings of fact set out above is questioned in Transamerica's brief, that being No. (2), which is made the subject of assignment of error No. 2. However, even as to this assignment, nowhere in the brief does Transamerica point out in what manner this finding is incorrect or the subject of any factual controversy. Dwight Stephens, Transamerica's claim representative who first investigated the claim, stated in his affidavit that after completing his investigation he informed Omaha Poured's representative that no coverage was afforded to the insured for the collapse of the floor for the reason that the aforementioned policy did not provide coverage for completed operations and products liability, and that he thereafter reported his findings to his superior, Harold Pace. The affidavit of Harold Pace states that coverage was denied under said policy shortly after May 27, 1967, for the reason that coverage was not afforded thereunder to the insured for completed operations and products liability coverage. There can be no question that Transamerica at all times was insisting that the damage was for completed operations and products liability coverage and it was not covered under the policy.

Transamerica overlooked the fact that its policy did insure Omaha Poured for consequential damages and that the action brought by Majors, Inc., was for consequential damages resulting from the incident. Nowhere in Transamerica's brief does it challenge, by assignment of error or discussion, the finding of the trial court that the Transamerica policy in question affords coverage to Omaha Poured for the consequential damage claim asserted by Majors, Inc. Nor, incidentally, does Transamerica challenge in any manner the trial court's conclusion that as a matter of law the "exclu-

sions raised by third party defendant in support of its denial of coverage" do not apply. There is no merit to Transamerica's first and second assignments of error.

The purpose of a summary judgment proceeding is to pierce allegations of pleadings and to show conclusively that controlling facts are otherwise than alleged and that the moving party is entitled to judgment as a matter of law. Growers Cattle Credit Corp. of Omaha v. Swanson (1969), 184 Neb. 612, 169 N. W. 2d 692.

As to Transamerica's third assignment of error, when we pierce the allegations of the pleadings there is no question the material issues are those of law and not of fact.

As to Transamerica's fourth assignment of error, there is not the slightest evidence of fraud or collusion. The settlement was consummated on the morning of the scheduled trial of the main action. Omaha Poured, left to its own resources, at the last moment made a settlement to avoid increased liability. Omaha Poured must have realized, as would any reasonable person in its position, that prudence required it to protect its assets as best it could. There was no question about its liability for consequential damages. There is not the slightest merit to this assignment.

Nor is there merit in Transamerica's fifth assignment of error. Transamerica investigated the incident and denied coverage. It further refused to tender a defense for Omaha Poured. Exhibit 84 to the deposition of Transamerica's claim manager, is a letter from attorneys for Omaha Poured to Transamerica under date of January 10, 1969, reminding it of two previous denials of coverage and of a previous letter dated August 31, 1967, to the effect that Omaha Poured was taking steps to protect itself from the effects of the wrongful denial of coverage. The letter of January 10, 1969, gave Transamerica the trial date of the main action, again tendered the defense of Omaha Poured, and advised that in the event it again declined to provide a defense, a third

party petition would be filed. To hold that Omaha Poured had any additional obligation to keep Transamerica informed of the developments would be absurd.

Transamerica's sixth assignment of error misconstrues the decisions of this court on the point in question. In National Union Fire Ins. Co. v. Bruecks (1966), 179 Neb. 642, 139 N. W. 2d 821, we said: "It would seem that the obligation to defend a suit for an insured should be determined on the basis of whether the petition filed against him attempts to allege a liability within the terms of the policy." Clearly, the inference from the cross-petition and the prayer before the amendment included Omaha Poured, and sufficiently inferred liability to require action on the part of Transamerica. If there was the slightest question, certainly the proceedings culminating in the filing of this third party action, which occurred 6 months before the amendment in question, would have removed any doubt.

Transamerica's seventh assignment of error is predicated on its assertion that affidavits offered into evidence, notarized by an attorney of record, are improper and should be excluded. We direct counsels' attention to section 25-1245, R. S. Supp., 1969, which provides: "An affidavit may be made in and out of this state before any person authorized to take depositions, and must be authenticated in the same way. An attorney at law who is attorney for a party in any proceedings in any court of this state shall not be disqualified as the person before whom the affidavit is made by reason of such representation."

In view of previous comment, Transamerica's eighth assignment of error requires no further discussion. The trial court correctly sustained the motion for summary judgment. The judgment is affirmed.

AFFIRMED.