HOWARD F. ACH ET AL., APPELLANTS AND CROSS-APPELLEES, v. FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, APPELLEE AND CROSS-APPELLANT.
215 N. W. 2d 518

Filed February 28, 1974.    No. 39242.

Ach & Ach, for appellants.

Barlow, Watson & Johnson and James J. DeMars, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH,

McCOWN, NEWTON, and CLINTON, JJ., and CHADDERDON, District Judge.

CLINTON, J.

This is an action on a homeowner's insurance policy to recover for the loss of a diamond ring by theft. Pursuant to stipulation the cause was tried to the court without a jury. The court found the ring had been lost by theft, but that the plaintiffs had not given timely notice of loss to the defendant insurance company as required by the terms of the policy and denied recovery. We affirm.

It is uncertain as to which of two policies was in effect at the time of the loss, but the slightly differing policy provisions pertaining to the giving of notice to the insurer are not determinative on this appeal. One provides for "immediate" notice and the other for notice "as soon as practicable." Both policies also provide for the reporting of the theft to the police.

The only issues we need to notice are those related to the plaintiffs' contention that the delay in giving notice was excusable. The loss was discovered by the plaintiff wife in July 1971 within a couple of days after the theft took place. She was afraid to report the matter to her husband, the other plaintiff herein. As a consequence no report to the insurance company or the police was made until December 1971. The plaintiffs assert that in the absence of a showing of prejudice to the insurer, the delay in giving notice cannot defeat the right to recovery. The plaintiffs rely primarily upon our opinion in George v. Aetna Casualty & Surety Co., 121 Neb. 647, 238 N. W. 36, and the provisions of section 44-358, R. R. S. 1943.

It is clear that the provisions of section 44-358, R. R. S. 1943, have no application to policy provisions requiring the giving of notice of loss. The provision of the statute on which the plaintiffs rely is: "The breach

of a warranty or condition in any contract or policy of insurance shall not avoid the policy nor avail the insurer to avoid liability, *unless such breach shall exist at the time of the loss* and contribute to the loss, anything in the policy or contract of insurance to the contrary notwithstanding." (Emphasis supplied.) This provision was considered by this court in Clark v. State Farmers Ins. Co., 142 Neb. 483, 7 N. W. 2d 71. We there said: "The second sentence means that a breach of a warranty or condition which exists at the time of a loss and contributes to the loss may avoid the policy or enable the insurer to avoid liability. The sentence relates to those breaches which exist 'at the time of the loss.' It does not relate to a breach of the terms of a policy which could only arise after the loss has occurred. It does not deny the insurer the right to rely upon the conditions of its policy which the insurer is required to perform as a condition of recovery after the loss has occurred. It relates to the question of a recoverable loss and not to the question of procedure to be followed in collecting for the loss after it has occurred. Clearly a notice of loss and proofs of loss can only be given after the loss has occurred."

It is true that in the earlier case of George v. Aetna Casualty & Surety Co., *supra,* this court used the statute in question as a makeweight argument supporting its opinion, but we did not there really analyze or consider the meaning of the statute. George v. Aetna Casualty & Surety Co., *supra,* is disapproved insofar as it relied on the statute.

That case and other subsequent decisions of this court do set forth the proper rule of law applicable in this case. In Keene Coop. Grain & Supply Co. v. Farmers Union Ind. Mut. Ins. Co., 177 Neb. 287, 128 N. W. 2d 773, we said: "The word 'immediate' in referring to the notice required in an insurance policy means with reasonable celerity, with reasonable and proper dili-

gence, and what is a reasonable time depends upon all the facts and circumstances of each particular case. George v. Aetna Casualty & Surety Co., 121 Neb. 647, 238 N. W. 36." Most courts which have considered provisions requiring "immediate" notice or notice "as soon as practicable" have similarly construed these provisions. 24 A. L. R. 3d 1017; 44 Am. Jur. 2d, Insurance, § 1460, p. 325; 5A Appleman, Insurance Law and Practice, § 3613, p. 649; 13 Couch on Insurance 2d, §§ 49:365 to 49:367, p. 823 et seq.

Clearly nothing in the circumstances shown by the evidence excused the long delay. The factual determination by the trial court was not clearly wrong.

AFFIRMED.