GORDON CARLSON, APPELLANT, V. DICK ZELLAHA, MAYOR OF THE CITY OF ALLIANCE, AND THE CITY OF ALLIANCE, APPELLEES, AND EMPLOYERS MUTUAL CASUALTY COMPANY, GARNISHEE-APPELLEE.

482 N.W.2d 281

Filed April 10, 1992.    No. S-89-416.

Joy Shiffermiller, of Atkins Ferguson Zimmerman Carney, P.C., for appellant.

Gary D. Denton, of Hancock & Denton, P.C., for garnishee-appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The plaintiff, Gordon Carlson, has appealed from the order of the district court dismissing his application to determine the liability of the garnishee, Employers Mutual Casualty Company.

The plaintiff, Carlson, sued Dick Zellaha, in his official

capacity as mayor of the City of Alliance, Nebraska, and the City of Alliance to recover damages alleged to have been caused by the defendant Zellaha in publishing false and defamatory statements about Carlson. The garnishee insurance company had issued several liability policies to the city which Zellaha claimed provided coverage for the claim of Carlson. The insurance company declined to defend the action on the ground that Zellaha was not acting within the scope of his employment or official capacity at the time the alleged statements were made.

On March 18, 1988, the plaintiff and Zellaha executed a written "Consent to Judgment," which provided that Zellaha consented to the plaintiff's taking judgment against Zellaha for $100,000 and costs in this action and another case in which Carlson had sued Zellaha in his personal capacity. The agreement further provided that the judgment would not be a lien upon real estate owned by Zellaha and would not be the basis of garnishment or execution against Zellaha except to the extent to which he might be covered by insurance. The agreement between the plaintiff and Zellaha further provided that Zellaha would be paid $575 from the first $4,000 that the plaintiff collected from his judgment against Zellaha.

On March 30, 1988, the plaintiff recovered judgment against Zellaha in this case in the amount of $100,000 and costs as provided in the "Consent to Judgment."

On May 20, 1988, the plaintiff filed an affidavit for garnishment alleging the insurance company had property of and was indebted to Zellaha as the judgment debtor.

On May 31, 1988, the garnishee filed its answers to interrogatories propounded by the plaintiff, in which the garnishee denied that it was indebted to the judgment debtor Zellaha or was liable to the plaintiff under any policy of insurance.

On June 6, 1988, the plaintiff filed his application to determine the liability of the garnishee.

On June 24, 1988, the garnishee filed its reply denying any liability to the judgment debtor Zellaha.

The matter was heard on September 21, 1988. On December 5, 1988, the trial court found generally in favor of the

garnishee, finding that the garnishee had no duty to defend the action brought by the plaintiff against Zellaha and that the consent judgment against Zellaha was the product of collusion. The garnishment proceeding was dismissed, with costs taxed to the plaintiff.

On December 8, 1988, the plaintiff filed a motion for new trial. On December 30, 1988, the trial court filed its order sustaining the motion with respect to the issue of whether Zellaha was acting in his official capacity as mayor at the time of the alleged wrongful conduct. There was a further hearing on February 1, 1989, and on March 13, 1989, the trial court found that its finding and order dated December 5, 1988, was correct, overruled the plaintiff's motion for new trial, and again dismissed the proceeding, with costs taxed to the plaintiff. The plaintiff again filed a motion for new trial, which was overruled on April 11, 1989. The plaintiff has now appealed to this court.

The plaintiff assigns as error the district court's finding that an issue for determination was whether Zellaha was acting in his official capacity; the district court's finding that Zellaha was not acting in his official capacity as mayor; the district court's finding that the defendant garnishee had no duty to defend Zellaha in the action filed by the plaintiff; the district court's considering whether there was collusion between the plaintiff and the mayor, Zellaha; the district court's finding that there was collusion between the plaintiff and Zellaha; and the district court's failure to find that the plaintiff was entitled, as a matter of law, to judgment for $100,000 from the garnishee, pursuant to the consent to judgment.

While the plaintiff assigns as error the district court's finding that Zellaha was not acting in his official capacity, the plaintiff does not argue that the evidence presented does not support the district court's conclusion that Zellaha was not acting in his official capacity. Accordingly, we do not consider the plaintiff's assignment of error in that regard because this court will not consider errors which are assigned but not argued. *In re Interest of B.M.*, 239 Neb. 292, 475 N.W.2d 909 (1991).

Relying on *Metcalf v. Hartford Acc. & Ind. Co.*, 176 Neb. 468, 126 N.W.2d 471 (1964), the plaintiff asserts that whether Zellaha was acting in his official capacity was not a proper issue

for consideration for the district court because that issue was resolved by the consent judgment and may not be relitigated.

A consent judgment is subject to collateral attack when the facts demonstrate that the judgment or settlement was entered into fraudulently, collusively, or in bad faith. *Metcalf, supra.* See, also, *Wolff v. Royal Ins. Co. of America*, 472 N.W.2d 233 (S.D. 1991).

Also, the plaintiff argues that the district court erred in considering whether there was collusion between Zellaha and the plaintiff because the garnishee did not plead collusion as a defense to the garnishment action.

In the garnishee's answer to the plaintiff's interrogatories in aid of garnishment, the garnishee alleged: "The Judgment now claimed by Gordon Carlson was procured by the fraud of Gordon Carlson and Dick Zellaha contriving to present a claim to the City of Alliance and its Insurer, Employers Mutual Companies."

The plaintiff contends this allegation is insufficient to allow the district court to consider whether the consent judgment was obtained by collusion because the garnishee did not use the term "collusion" in its pleading and because the garnishee did not allege the elements for a fraud and deceit cause of action.

In *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987), we defined collusion as a secret agreement or secret cooperation for a fraudulent or deceitful purpose, such as a secret agreement between two or more persons to defraud a person of his rights, often by the forms of law.

Collusion is defined in Black's Law Dictionary 264 (6th ed. 1990) as
> [a]n agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law. It implies the existence of fraud of some kind, the employment of fraudulent means, or of lawful means for the accomplishment of an unlawful purpose.

See, also, *Point Pleasant Canoe Rental v. Tinicum Tp.*, 110 F.R.D. 166 (E.D. Pa. 1986); *Dickerman v. Northern Trust Company*, 176 U.S. 181, 20 S. Ct. 311, 44 L. Ed. 423 (1900).

Fraud is defined in Black's Law Dictionary 660 (6th

ed. 1990) as

> [a] generic term, embracing all multifarious means which human ingenuity can devise, and which are resorted to by one individual to get advantage over another by false suggestions or by suppression of truth, and includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated. . . . "Bad faith" and "fraud" are synonymous, and also synonyms of dishonesty, infidelity, faithlessness, perfidy, unfairness, etc.

See, also, *Johnson v. McDonald*, 170 Okla. 117, 39 P.2d 150 (1934).

The garnishee was not required to allege the elements for a cause of action in fraud and deceit. The garnishee was alleging only that the consent judgment had been obtained by fraud, or in other words, by collusion. Accordingly, collusion was an issue to be considered.

The plaintiff's claim that the district court erred in finding the consent judgment was obtained by collusion is also without merit.

The district court's finding that the consent judgment was procured by collusion is supported by the following evidence: (1) The amount of the judgment was unreasonable given the improbability of the plaintiff's success against Zellaha in his individual capacity and the questionable likelihood of insurance coverage for the plaintiff's claim against Zellaha in his official capacity, see *Wolff v. Royal Ins. Co. of America, supra* (one ground for concluding that a consent judgment between an injured party and the insured was obtained through collusion was that the amount agreed upon was unreasonable in view of a slight probability of the injured party's success against the insured); (2) Zellaha testified that he did not know how the amount was determined and that he thought the amount was "ridiculous"; (3) Zellaha's meager annual income motivated the plaintiff to suggest a consent judgment; and (4) Zellaha was to be compensated $575 out of the first $4,000 collected in exchange for consenting to the judgment.

Since the evidence supports the finding that the consent judgment was obtained by collusion, it is unnecessary to consider the other assignments of error.

The judgment of the district court was correct, and it is affirmed.

AFFIRMED.

WHITE, J., concurring.

A demurrer by the City of Alliance addressed to the appellant's petition was sustained by the trial court. The petition was dismissed without prejudice as to the City of Alliance by the plaintiff. As the city was no longer a party to the suit, any judgment against Mayor Zellaha was not binding on it either factually or legally.

While Zellaha could not question the court's finding that he was acting officially as mayor, the city was under no such constraints, nor was its insurer. And as the dismissal was without prejudice, the issue was finally properly presented for the first time to the trial court, which held against the appellant. There is sufficient evidence in the record to support that finding. Therefore, the case is properly affirmed.

I do not, however, agree that the judgment was produced by collusion or fraud. The Employers Mutual Casualty Company voluntarily declined to defend Zellaha and the city. Zellaha was entitled to take such steps as he deemed convenient, including the entry of a consent judgment to protect himself from possible financial ruin. Any holding to the contrary would permit the insurer to deny coverage or representation, and thus to deny to the insured any protective remedy, and give the insurer the right to try the issue of the validity of the judgment. The law does not allow this result. See *Metcalf v. Hartford Acc. & Ind. Co.*, 176 Neb. 468, 126 N.W.2d 471 (1964).