RAYMOND R. ZUKAITIS, APPELLANT, v. THE AETNA
CASUALTY AND SURETY COMPANY, A CORPORATION,
APPELLEE.
236 N. W. 2d 819

Filed December 24, 1975. No. 40077.

John A. Rickerson and Neal E. Stenberg, for appellant.

Harry L. Welch and Harold W. Kauffman of Gross, Welch, Vinardi, Kauffman & Day, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and WEAVER and BLUE, District Judges.

BLUE, District Judge.

This is an action for a declaratory judgment brought to determine whether defendant-appellee, the Aetna Casualty and Surety Company, was obligated under its professional liability insurance policy to defend plaintiff-appellant, Raymond R. Zukaitis, in a medical malpractice suit.

The case was tried to the court under a stipulation of facts which can be summarized as follows: Raymond R. Zukaitis was a physician practicing medicine in Douglas County, Nebraska. Aetna issued Dr. Zukaitis a policy of professional liability insurance through its agent, the Ed Larsen Insurance Agency, Inc. This policy was for a period from August 31, 1969, to August 31, 1970.

On August 7, 1971, Dr. Zukaitis received a written notification of a claim for malpractice which allegedly occurred on September 27, 1969. On August 10, 1971, Dr. Zukaitis telephoned the Ed Larsen Insurance Agency. At the request of the agency the written claim was forwarded to it by Dr. Zukaitis. This was received on August 11, 1971, and was erroneously referred to the St.

Paul Fire and Marine Insurance Company on that date by the agency.

Dr. Zukaitis was insured with St. Paul Fire and Marine Insurance Company from August 31, 1970, to August 31, 1971. But on the date of the alleged malpractice, he was insured with Aetna. Apparently without notice to Dr. Zukaitis, the agency contract between Ed Larsen Insurance Agency and Aetna had been canceled effective August 1, 1970. At that time the agency placed Dr. Zukaitis' insurance with St. Paul.

On November 22, 1971, a malpractice action was brought against Dr. Zukaitis based on the alleged malpractice of September 27, 1969. Attorneys for St. Paul undertook the defense of the lawsuit. On January 25, 1974, St. Paul discovered that it was not the insurance carrier for Dr. Zukaitis on September 27, 1969, the date of the alleged malpractice, and advised Aetna of this at that time. Dr. Zukaitis was also advised of this, and the attorney retained for St. Paul to represent Dr. Zukaitis withdrew. Dr. Zukaitis made demand upon Aetna on May 28, 1974, for it to undertake the defense of Dr. Zukaitis, but this demand was refused.

Dr. Zukaitis retained his own attorney to represent him in the malpractice case. A motion for summary judgment was filed by Dr. Zukaitis in that case, which motion was sustained. This action for a declaratory judgment against Aetna therefore resolved itself into an effort to recover attorney's fees and costs. The District Court found for Aetna. Dr. Zukaitis' motion for new trial was overruled, and this appeal followed.

Aetna contends that it is relieved from its obligation to Dr. Zukaitis since notice was not given as required by paragraph 4(b) of the policy which provides: "If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Dr. Zukaitis contends that under the circumstances,

notice to Aetna was given within a reasonable period in that the agent who wrote the policy was given notice, and further that a delay in giving notice does not defeat policy obligations unless the insurer is prejudiced by the delay.

This court has previously construed provisions of insurance policies similar to the one here. In Keene Coop. Grain & Supply Co. v. Farmers Union Ind. Mut. Ins. Co., 177 Neb. 287, 128 N. W. 2d 773, it is stated: "The word 'immediate' in referring to the notice required in an insurance policy means with reasonable celerity, with reasonable and proper diligence, and what is a reasonable time depends upon all the facts and circumstances of each particular case. George v. Aetna Casualty & Surety Co., 121 Neb. 647, 238 N. W. 36." See, also, Ach v. Farmers Mut. Ins. Co., 191 Neb. 407, 215 N. W. 2d 518.

Ordinarily notice to a soliciting agent who countersigns and issues policies of insurance is notice to the insurance company. Restatement, Agency 2d, § 127, p. 324; 13 Couch on Insurance 2d, § 49:27, p. 652 et seq; §§ 44-328 and 44-329, R. R. S. 1943. This is also true even if the agent forwards the notice to the wrong company. At 44 Am. Jur. 2d, Insurance, § 1468, p. 336, it is stated: "Also, an insured who has promptly given notice of an accident to the general agent that issued the policy, and has also promptly delivered process to him, has been held not required to do anything further, although in each instance the agent by mistake forwarded the papers to the wrong company."

The question then is whether this is true after the agency contract between the insurance company and the agent has been terminated as it was in this case. To answer this, it is necessary to refer to the general law of agency.

The rule is that a revocation of the agent's authority does not become effective as between the principal and third persons until they receive notice of the termina-

tion. 2A C. J. S., Agency, § 122b, p. 745; 3 Am. Jur. 2d, Agency, § 280, p. 642.

Here, Dr. Zukaitis did what most reasonable persons would do in this situation; he notified the agent who sold him the policy. There is no evidence that notice of the termination was sent to him or that he knew the agency contract had been canceled.

It is stated in 3 Couch on Insurance 2d, § 26.50, p. 513: "When the insurer terminates the agency contract, .it is its duty to notify third persons, such as the insureds with whom the agent dealt, and inform them of such termination. If it does not so notify and such third persons or insureds deal with the agent without notice or knowledge of the termination, and in reliance on the apparently continuing authority of the agent, the insurer is bound by the acts of the former agent."

The following appears in 3 Couch on Insurance 2d, § 26.50, p. 515: "The principle of the carrying over of the authority of an agent after termination with respect to third persons having no notice or knowledge thereof has been applied so as to bind the insurer when the third person dealt with the apparent agent by contracting with him, or by forwarding or delivering to him suit papers and proofs of loss." See, also, Toub v. Home Ind. Co., 116 N. J. Law 287, 183 A. 827.

A case involving similar facts as the case presented here is Yannuzzi v. United States Cas. Co., 19 N. J. 201, 115 A. 2d 557. The insureds in that case were sued as the result of an accident which occurred on December 9, 1951. After insureds were served with the suit papers on October 16, 1952, they forwarded them to the agent who sold them an automobile accident insurance policy. The agency forwarded the suit papers to the wrong insurance company. The agency contract had been terminated effective January 1, 1952. The insurance company claimed the insureds did not comply with a condition of the policy requiring them to immediately forward to insurer every summons or other process. The

New Jersey Supreme Court, after citing abundant authorities, held that the insureds complied with this provision when they sent the suit papers to the agent from whom insureds had received the policy even though the agency relationship had been terminated. The New Jersey Court set out the following applicable statement from Southern Life Ins. Co. v. McCain, 96 U. S. 84, 24 L. Ed. 653: " ' No company can be allowed to hold out another as its agent, and then disavow responsibility for his acts. After it has appointed an agent in a particular business, parties dealing with him in that business have a right to rely upon the continuance of his authority, until in some way informed of its revocation. The authorities to this effect are numerous, and will be found cited in the treatises of Paley and Story on Agency. Story, secs. 470 and 471; Paley, § ——.' "

In the case of Western Millers Mut. Ins. Co. v. Williams, 231 F. 2d 425, it is stated: "The general rule, however, in Texas and elsewhere, is that an insured is entitled to assume that an insurance agent is continuing to act within the scope of his agency, unless and until he has either actual or constructive notice to the contrary; and 'a revocation by the principal, of the general authority of his agent, is ineffective as between the principal and such third persons as deal with the agent, as such, on the faith of the continued existence of his authority, without notice of the revocation.' "

We conclude that under the facts and circumstances of this case, the notice given by the plaintiff to the agent of the defendant constitutes notice to the defendant and would obligate defendant to carry out the terms of its insurance contract with plaintiff. The District Court was in error when it determined to the contrary.

The judgment of the District Court is reversed and the cause remanded with direction to enter judgment for plaintiff in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.