William B. FLANDERS, Appellant,

v.

CRANE CO., a Foreign Corporation; Holiday Inns, Inc., a Foreign Corporation; and A & T Enterprises, a Partnership, Appellees.

No. 56109.

Supreme Court of Oklahoma.

Dec. 11, 1984.

Rehearing Denied Jan. 23, 1985.

Foliart, Mills & Niemeyer by David W. Edmonds, Oklahoma City, for appellant.

Jim W. Lee, C. Scott Beuch, Oklahoma City, for appellees Holiday Inns, Inc.

ALMA WILSON, Justice.

Appellant William Flanders brought this negligence action seeking damages for injuries he sustained from a slip and fall in a Nebraska motel. Flanders, an Oklahoma resident, alleged that liability for negligence is imputed to Appellee Holiday Inns of America, Inc. [Holiday Inn] by virtue of an actual or apparent agency relationship with the operator of the motel at the time of his injury.

On motion for summary judgment, Holiday Inn submitted that (1) there was no agency relationship between Holiday Inn

and the operator of the motel at the time of Flanders accident; and in the alternative that (2) actionable negligence on the part of the motel proprietorship did not occur because Flanders assumed the risk of injury. The trial court agreed and dismissed the suit as to Holiday Inn.

On appeal, this matter was assigned to the Court of Appeals, Temporary Division No. 152. Applying Nebraska substantive law and Oklahoma procedural law, the Court of Appeals properly concluded that Flanders had presented evidence sufficient to raise issues of fact concerning agency and negligence which should have been submitted to a jury. The Court of Appeals, however, further decided that, under the circumstances, Flanders assumed the risk of an open and obvious hazard and is thus barred from recovery as a matter of Nebraska law. On this basis, the Court of Appeals affirmed the trial court's summary judgment dismissing Holiday Inn from suit. We now review, by certiorari, the opinion of the Court of Appeals.

The pertinent facts are as follows: On March 5, 1965, Holiday Inn entered into a franchise agreement with Ken Corporation covering the motel which is the subject of this action. On August 21, 1973, Ken Corporation sold its stock to Inn Development, Inc./Morton Management Company [Inn Development]. Holiday Inn sent notices to these entities cancelling its franchise agreement with Ken Corporation on December 3, 1973. In mid-December a crew arrived at the motel to remove the Holiday Inn sign identifying the motel as a member of the National System of Holiday Inns of America, Inc. This sign had been leased to Ken Corporation on June 7, 1965. The Lease for the Holiday Inn Great Sign provided that the lessor, Holiday Inn, shall have the right to enter upon the premises of the lessee to remove the sign from the premises where installed, and lessee agrees to surrender and deliver possession thereof. However, at his deposition, Holiday Inn's Development Manager testified that company records indicated that the sign crew was told they were trespassing and instructed to leave the property, which they

did. The matter was then allegedly referred to Holiday Inn's legal department, and subsequent affirmative steps to prevent the motel from being held out to the public as a Holiday Inn Motel were not taken. In this regard, Holiday Inn stated that it does not recognize nor admit any duty to inform the public that the motel was no longer a franchise operation. By interrogatory, Holiday Inn disclosed that during negotiations for removal of the sign, A & T Enterprises made application for a licensing agreement, and the sign thus remained in place for use of the future licensee, A & T Enterprises.

On May 1, 1974, management of the motel was turned over to A & T Enterprises contingent upon final closing in July, 1974. The new management continued to use the Holiday Inn sign with the knowledge of Holiday Inn. Additionally, the new management continued to make available to guests such items as soap, matches, stationery and linens, all bearing the Holiday Inn trademark. Evidently, the new A & T management was during this time engaged in negotiations with Holiday Inn for a franchise agreement. A & T Enterprises received its franchise commitment letter from Holiday Inn on July 25, 1974, approximately eleven weeks subsequent to the date of Flanders injury.

In early May, 1974, Flanders contacted an Oklahoma City Holiday Inn franchisee to arrange for accommodations at a Holiday Inn Motel in Norfolk, Nebraska via the Holidex Reservation System. The electronic Holidex System was temporarily out of order, but the Oklahoma City Holiday Inn clerk gave Flanders the telephone number of the subject motel. Flanders then contacted the motel and reserved a room for May 12, 1974.

On May 12, 1974, Flanders checked into what he believed to be a Holiday Inn Motel. The sign had not been removed and the motel displayed the standard Holiday Inn features and insignia. While Flanders was taking a shower in his room that night, he slipped and fell in the combination bathtub-

shower. Flanders sustained substantial injury to his back, necessitating hospitalization, surgery and physical therapy. As a consequence of this injury, Flanders is allegedly permanently disabled.

It is Flanders position that because Holiday Inn was well aware of the fact that the new management was holding the motel out to the public as a Holiday Inn Motel at the time of his injury, Holiday Inn should be estopped to deny agency. Assuming an agency relationship exists, Flanders further asserts that Holiday Inn's ostensible agent, A & T Enterprises, was negligent in failing to provide a bathtub with a slip resistant surface or abrasive strips or bath mat, and a proper handhold to prevent its guests from slipping. On this point, Flanders alleged that a post-injury examination of the bathtub surface revealed no slip resistant features or safety devices, and that the only handhold was the small one on the soap dish. To the contrary, Holiday Inn argued that the tub surface was comprised of a non-skid porous material; but that in any event, because the alleged hazard was open and obvious, Flanders voluntarily assumed the risk of injury. Holiday Inn therefore moved for summary judgment.

■ We begin our review of the trial court's summary judgment with the clear recognition that according to choice of law principles, Nebraska substantive law is controlling in the instant case.[1] However, our own procedural law applies.

■ Oklahoma procedural law dictates that summary judgment is appropriate only when it appears that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law. 12 O.S. 1983, Ch. 2, App., Dist.Ct.R. 13(d). The purpose of this provision is to avoid unnecessary jury trials, *Flick v. Crouch*, 434 P.2d 256, 262 (Okl.1967), by allowing the trial court to look beyond the pleadings to various evidentiary materials in order to determine whether there is any issue of fact which must be submitted to a jury. Since the trial court's role is limited to merely determining whether there are any such issues of fact, there can be no trial of fact issues on a motion for summary judgment. The court may not weigh the evidence. *Stuckey v. Young Exploration Co.*, 586 P.2d 726, 730 (Okl.1978). Additionally, in order for a court to find that there is no substantial controversy as to any material fact raised by the issues, it must appear not only that there is no dispute as to such facts themselves, but also that reasonable people exercising fair and impartial judgment could not reach differing conclusions upon the undisputed facts. *Northrip v. Montgomery Ward and Co.*, 529 P.2d 489, 493 (Okl.1974). Furthermore, all inferences and conclusions to be drawn from the undisputed facts must be viewed in the light most favorable to the party opposing the motion. *Northrip, supra,* at 496, 497. As these considerations strongly suggest, summary judgments are not favored, *Love v. Harvey*, 448 P.2d 456, 462 (Okl.1968); and, they should be granted only where it is "'perfectly clear'" that there are no issues of material fact in a case, *Northrip, supra,* at 497. Indeed, even when a judge believes that a directed verdict will be necessary, he or she should ordinarily allow the evidence to be heard and then direct a verdict rather than grant summary judgment. *Northrip, supra.* This reluctance should be even more pronounced in negligence cases because negligence is so much a question of fact which varies from one situation to another. *See Prickett v. Sulzberger & Sons Co.*, 57 Okl. 1567, 157 P. 356, 357 (1916); *Smith v. American Flyers, Inc.*, 540 P.2d 1212, 1214 (Okl.Ct. App.1975). Thus, despite its usefulness in terms of judicial economy, summary judgment must not be allowed to deprive a litigant of a jury trial of disputed issues of fact. *Thompson v. Madison Machinery Co.*, 684 P.2d 565, 570 (Okl.Ct.App.1984).

---

**1.** Pursuant to factors enunciated by this Court in *Brickner v. Gooden*, 525 P.2d 632 (Okl.1974), the place of the tort, the State of Nebraska, has the most significant relationship to the occurrence and the parties herein.

Under both Nebraska[2] and Oklahoma[3] law, questions concerning negligence, contributory negligence and assumption of the risk are for the trier of fact.

In the present case, as indicated above, there is an issue of material fact regarding the nature of the surface of the bathtub,—a disputed fact upon which Appellant's negligence claim is predicated. Moreover, our state constitution evinces a strong public policy on the procedure for deciding the issue of assumption of the risk. The procedural posture of this issue is mandated by *Okla. Const.* Art. XXIII, § 6, as follows:

> "The defense of contributory negligence or of assumption of the risk shall *in all cases* whatsoever, be a question of fact, and shall, *at all times*, be left to the jury." [Emphasis ours.]

This clear and absolute language has been echoed and strictly followed in numerous cases,[4] with but two exceptions. First, assumption of the risk and contributory negligence need not be submitted to a jury in cases where the plaintiff fails to present evidence tending to show primary negligence on the part of the defendant;[5] and, second, these affirmative defenses need not be submitted to a jury where, upon undisputed facts, reasonable people exercising fair and impartial judgment could not reasonably reach differing conclusions concerning them.[6] In the first instance there is no need for any defense at all because where there is no duty or negligence there

can be no liability, while in the second instance if reasonable people could not reach differing conclusions no issue has been raised. We find neither exception applicable in the present case.

We further find the evidence regarding the alleged agency relationship sufficiently raises a substantial factual controversy requiring submission to a jury according to both Nebraska substantive law and Oklahoma procedural law. Reasonable people could draw differing conclusions based upon the facts before the trial court on motion for summary judgment.

In analyzing the issue of ostensible or apparent authority, in the case of *Nebraska Tractor and Equipment Co. v. Great Lakes Pipeline Company*, 156 Neb. 366, 56 N.W.2d 288 (Neb.1953), the Nebraska Supreme Court defined apparent or ostensible agent in these terms:

> "... [o]ne whom the principal either intentionally or by want of ordinary care, induces third persons believed to be his agent, although he is not, either expressly or by implication conferred authority upon him."

The Nebraska Supreme Court further delineated the applicable rules of an ostensible agency in this manner:

> "The correct rule is the following:
> 'Where a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversed with business usages and the na-

2. *See, Woodsmall v. Marijo, Inc.,* 206 Neb. 405, 293 N.W.2d 378 (1980); *also, see, Ybarra v. Wassenmiller,* 206 Neb. 164, 291 N.W.2d 725 (1980). While Nebraska law provides for prejury disposition in determining whether or not the evidence is sufficient to require jury determination, all evidentiary conflicts and every reasonable inference must be resolved in favor of the non-moving party.

3. *See, Bullard v. Grisham Construction Company,* 660 P.2d 1045 (Okl.1983). In Oklahoma, a court may not wrest issue from a jury unless there is an utter absence of evidence.

4. *Jordan v. General Motors Corp.,* 590 P.2d 193 (Okl.1979); *Lang v. Amateur Softball Ass'n of America,* 520 P.2d 659 (Okl.1974); *Cosden Pipe*

*Line Co. v. Berry,* 87 Okl. 237, 210 P. 141 (1922); *Davis v. Ball,* 76 Okl. 252, 185 P. 105 (1919); *Dickinson v. Whitacker,* 75 Okl. 243, 182 P. 901 (1919); *Lusk v. Phelps,* 71 Okl. 150, 175 P. 756 (1918); *Osage Coal & Mining Co. v. Sperra,* 42 Okl. 726, 142 P. 1040 (1914).

5. *Continental Casualty Co. v. Shankel,* 88 F.2d 819 (10th Cir.1937), applying Oklahoma law. *Wilson v. Shawnee Mill Co.,* 292 P.2d 147 (Okl. 1956).

6. *Fuller v. Neundorf,* 278 P.2d 836 (Okl.1954); *Yellow Cab & Baggage Co. v. Cooke,* 171 Okl. 269, 42 P.2d 826 (1935); *Miller v. Price,* 168 Okl. 452, 33 P.2d 624 (1934); *P. & S. Taxi & Baggage Co. v. Cameron,* 183 Okl. 226, 80 P.2d 618 (1938).

ture of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal. is estopped as against such third person from denying the agent's authority ....' "

Also, in the case of *Zukaitis v. Aetna Casualty and Surety Company,* 195 Neb. 59, 236 N.W.2d 819 (1975), the Nebraska Supreme Court in considering the effect of revocation of agency without notice to third parties stated:

"The rule is that revocation of an agent's authority, does not become effective as between the principal and third persons until they receive notice of the termination."

██ According to Nebraska substantive law, which is applicable to the present case, we conclude that there was sufficient evidence to require jury determination of this issue.

██ Assuming, *arguendo,* that at the time of Flander's injury, an agency relationship did in fact exist, we further conclude that the evidence sufficiently raised the issue of primary negligence, if any, on the part of Holiday Inn by reason of the acts and omissions of its ostensible agent. While Nebraska substantive law decrees that an innkeeper is not an insurer of the safety of a guest, *Benedict v. Eppley Hotel Co.,* 159 Neb. 23, 65 N.W.2d 224 (1954), and that a person who is capable of understanding and discretion who fails to exercise ordinary care and prudence to avoid defects and dangers which are open and obvious is negligent or contributorily negligent, Oklahoma procedural law mandates that these formulations be resolved by a jury unless there is an utter absence of evidence regarding that issue. *Bullard v. Grisham Construction Company,* 660 P.2d 1045 (Okl.1983). Moreover, on the facts of this case, it seems quite possible that reasonable people could reach differing conclusions on whether Flanders negligently assumed the risk of an open and obvious danger. In this respect, Nebraska law provides that questions of negligence,

contributory negligence and assumption of the risk may be decided as a matter of law, without benefit of jury, only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Woodsmall v. Marijo, Inc.,* 206 Neb. 405, 293 N.W.2d 378 (1980). Here, on the one hand a reasonable person could conclude that since the bathtub was open and obvious, since Flanders must have been in possession of the common knowledge that a bathtub without slip-resistent features, especially when wet and soapy, poses a hazard of slipping, and since Flanders was in no way forced to accept the accommodations, he voluntarily exposed himself to the danger. However, one could also reasonably conclude that because Flanders checked in late at night (11:00 o'clock p.m.), and was tired, he justifiably did not actually inspect the bathtub in detail before showering, but rather relied generally upon Holiday Inn's public assurances of the quality of its motels, and therefore the requisite element of full appreciation of the hazard was not present.

In consideration of Nebraska substantive law and Oklahoma procedural law, we conclude the trial court erred in granting summary judgment, and the Court of Appeals erred in affirming the judgment. This cause is, therefore, reversed and remanded to the trial court for further proceedings consistent with the dictates of this opinion and the opinion of the Court of Appeals is vacated.

BARNES, C.J., and HODGES, LAVENDER, DOOLIN, OPALA, and KAUGER, JJ., concur.

SIMMS, V.C.J., dissents.

HARGRAVE, J., disqualified.