**FEDERAL LAND BANK OF WICHITA, a corporation, Appellee,**

v.

**Delmas NORTHCUTT, a/k/a D.L. Northcutt, and Lou Northcutt, a/k/a Martha L. Northcutt; Appellants,**

**and**

**First National Bank, Madill, Oklahoma; Glenn Northcutt and Tommye Northcutt; Exchange National Bank & Trust Company of Ardmore, Oklahoma; Acacia Pipeline Corporation, one and the same as Acacia Pipeline Corp.; Natural Gas Pipeline Corp.; Natural Gas Pipeline Company of America; Konawa Insurance Company, a corporation; and, Eugene Embry, Defendants.**

**No. 72579.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 12, 1991.

Rehearing Denied April 9, 1991.

Certiorari Denied June 5, 1991.

Blaine Schwabe, Oklahoma City, for appellee.

Don Little, Madill, for appellants.

HUNTER, Chief Judge.

Appellants, Delmas and Lou Northcutt (Northcutts), the only defendants to appeal from the summary judgment granted by the district court, executed a promissory note and mortgage in favor of Appellee, Federal Land Bank of Wichita (Bank), on June 9, 1982, in the principal sum of $650,-000.00, secured by certain real estate used in farming. On March 26, 1986, Bank filed a petition for foreclosure in Marshall County District Court alleging that the note and mortgage were in default since October 1, 1985. On August 19, 1987, Bank waived personal judgment and requested the cause be set down for a nonjury trial. On October 5, 1988, Bank filed a motion for summary judgment based upon an affidavit attached and the answers of the Northcutts (and of other parties to the action for purposes of priority). The affidavit attached included pertinent facts concerning the making of the note and mortgage, the default and the amount of indebtedness, interest accumulated, set-off, and total amounts due.

The Northcutts filed a response contending that there were genuine issues of material facts, to-wit: Bank had not complied with the Agricultural Credit Act of 1987 (12 U.S.C.S. §§ 2001–2270) and other pertinent regulations (7 U.S.C.S. §§ 5101–5106); that the interest rates applied by

Bank were incorrect; and, that the amount of indebtedness owed had been improperly calculated. Only the contention that Bank had not complied with applicable statutory regulations was specifically controverted by statements of the Northcutts and was supported by admissible evidence. Because allegations of the Northcutts that the amount of the indebtedness and the interest rates were not properly calculated by Bank are not supported by admissible evidence, Bank's allegations of the amounts and rates are deemed admitted for the purpose of summary judgment. 12 O.S.1981, Ch. 2, App. District Court Rule 13(b).

■ The Northcutts argued to the trial court in opposition to Bank's motion for summary judgment that Bank had not yet completed participation in restructuring and mediation prior to continuation of its foreclosure action. The Northcutts contended in the trial court and now on appeal that the Agricultural Credit Act of 1987 mandated consideration of restructuring of farm loans and mediation participation before foreclosure is allowed. This act provides in pertinent part codified at 12 U.S.C. § 2202a(b)(3): "No qualified lender may foreclose or continue any foreclosure proceeding with respect to any distressed loan before the lender has completed any pending consideration of the loan for restructuring under this section." There was no doubt raised that Appellants, Appellee, and the loan in question were all subjects of this law. The Northcutts do not deny that Bank in fact considered their loan for restructuring. Their loan, however, was judged by Bank's Credit Review Committee to not be worthy of restructuring.

■ The Northcutts further contended at the trial court and now on appeal that Bank was also required to participate in a state mediation program before the foreclosure could proceed. Appellants' assertion is without authority and is not borne out by the statutes. The statutes requiring good faith participation in mediation, 7 U.S.C.S. §§ 5101–5106, do not make it a condition precedent to foreclosure. The trial court held that mediation was not required as a matter of law before the foreclosure could be entered. Thus, whether Bank participated in mediation in good faith was not a substantial issue of material fact in this case. We do note that Bank did submit itself to mediation and attended the first hearing, but that the Northcutts did not pursue mediation.

"Summary judgment is appropriate only when it appears there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law" 12 O.S.1981, Ch. 2, App. District Court Rule 13. *Flanders v. Crane Co.*, 693 P.2d 602 (Okl.1984). We find upon review of the pleadings, briefs, evidence and transcripts that the trial court correctly found that there is no substantial controversy as to any material fact and that Bank was entitled to judgment as a matter of law.

AFFIRMED.

GARRETT, P.J., concurs.

HANSEN, J., dissents.