John M. MERRITT; Terry Anderson; and, Marie Anderson, Appellants,

v.

McGRAW–EDISON COMPANY, Appellee,

and

Northwestern Electric Cooperative; Western Farmers Electric Cooperative; Aluminum Company of America; and, Truman Anderson d/b/a Andy's Iron and Supply, Defendants.

No. 78822.

Court of Appeals of Oklahoma, Division No. 1.

June 15, 1993.

Michael M. Blue, Merritt & Rooney, Oklahoma City, for appellants.

Robert D. Nelon, Andrews, Davis, Legg, Bixler, Milsten & Price, Oklahoma City, for appellee.

## MEMORANDUM OPINION

GARRETT, Judge:

Terry Anderson was severely shocked when the boom truck he was operating came into contact with overhead electrical lines. The electrical lines were owned, operated and maintained by Northwestern Electric Cooperative (Northwestern). Anderson and his wife, Marie (Andersons), filed an action against Northwestern for damages for personal injuries caused by the accident.

McGraw–Edison Company (McGraw–Edison) manufactured oil circuit reclosers that were installed on the electrical lines. The function of a circuit recloser is to interrupt the flow of electrical current in the event of a fault. The Andersons amended their petition to add a manufacturers products liability claim against McGraw–Edison alleging the circuit recloser delayed shutting off the flow of electricity during which time Anderson was injured. The Court entered summary judgment in favor of both Northwest and McGraw–Edison. Andersons appealed, the judgment was reversed, and the case was remanded for further proceedings.

Upon remand, the Andersons actively pursued the claim against Northwestern, and maintained their claim against McGraw–Edison until they dismissed it approximately two months before trial. Defendants, Western Farmers Electric Cooperative, Aluminum Company of America and Truman Anderson d/b/a Andy's Iron and Supply had previously been dismissed. The action against Northwestern resulted in a jury verdict for Northwestern, with judgment entered accordingly.

After the trial between Northwestern and Andersons, McGraw–Edison filed a motion for sanctions against Andersons' attorney, John M. Merritt (Merritt). 12 O.S. 1991 § 2011 (as amended in 1987) provides, in pertinent part, as follows:

The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for some improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

\* \* \* \* \* \*

If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include the order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

A hearing was conducted. The trial court found that McGraw–Edison's request for sanctions should be denied insofar as it related to events prior to the November 1, 1987 Amendment to § 2011, and prior to the reversal and remand of the case by the Supreme Court.

In entering judgment for sanctions the Court, inter alia, found:

Based on full consideration of all briefs, evidence, and arguments, as well as the court's own knowledge of the record made by the parties at trial, the court, in its discretion and for good cause shown under the circumstances of this case, does hereby sustain McGraw's Sanctions Motion, in part, finding that:

a. McGraw's request for sanctions for the time period prior to the amendment of Okla.Stat. tit. 12, § 2011 on November 1, 1987, should be denied in light of the subjective bad faith standard used by the statute before its amendment;

b. after the amendment of Okla.Stat. tit. 12, § 2011 on November 1, 1987, and the remand of this case from the Oklahoma Supreme Court, the plaintiffs' counsel signed numerous pleadings in this case which had the effect of maintaining the claim against McGraw;

c. the plaintiffs' counsel failed to comply with Okla.Stat. tit. 12, § 2011 in not making reasonable inquiry, and in failing to comply with their continuing duty to make such an inquiry, to determine if there were well-grounded facts to support the claim against McGraw;

d. based on the evidence presented at trial, the plaintiffs had no viable basis on which to make a claim against McGraw, and the plaintiffs had no claim against McGraw which was well grounded in fact;

e. as a result of the plaintiffs' counsel's filing of pleadings and maintaining the claim against McGraw without any well-grounded factual support, McGraw was needlessly required to review the pleadings of other parties, consult with prospective witnesses and other defense counsel, and begin prep-aration for trial resulting in unnecessary attorneys' fees and expenses; and

f. it is appropriate under the amended Okla.Stat. tit. 12, § 2011 to impose sanctions upon the plaintiffs' counsel for the reasonable attorneys' fees and expenses incurred by McGraw from and after remand of this case from the Oklahoma Supreme Court.

The judgment, in pertinent part, is as follows:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. McGraw's motion for sanctions is sustained, in part, for the time period from and after remand of this case from the appeal to the Oklahoma Supreme Court, and is otherwise denied.

2. The plaintiffs' counsel shall pay to McGraw the sum of $12,008.54 as appropriate sanctions under Okla.Stat. tit. 12, § 2011.

Merritt appeals and contends the sanctions were improper. He does not dispute the amount. Andersons, though shown as Appellants, are not the real parties in interest. Northwestern is not a party to this appeal.

■ Merritt contends he should not be sanctioned because he exercised reasonable pre-filing inquiry into the facts and law supporting the allegations asserted against McGraw–Edison. This contention misses the point. The sanctions were not imposed due to lack of diligence as to the facts prior to filing. The sanctions were imposed for failure to make reasonable inquiry into the facts following remand, including: maintaining a claim against McGraw–Edison but failing to respond to McGraw–Edison's interrogatories, failing to conduct any discovery against McGraw–Edison in an effort to learn facts which might support the claim against McGraw–Edison. The Court also found that the evidence at the trial did not support a claim against McGraw–Edison. The order imposing sanctions specifically denies McGraw–Edison's request for sanctions for things done or not done prior to the amendment of § 2011, and prior to remand. This contention lacks merit.

Next, Merritt contends that the sanctions were not levied for a bad faith dismissal as in *City National Bank & Trust v. Owens*, 565 P.2d 4 (Okl.1977), but were founded only upon § 2011. This is correct and is reflected in the sanctions judgment, but it is not error. In so doing, the Court considered the amended statute.

■ Merritt contends that the Andersons refiled their action against McGraw–Edison in federal court and at that level the trial court found that McGraw–Edison was not entitled to summary judgment; and, this shows that Andersons had a valid justiciable claim against McGraw–Edison. We do not agree. Apparently, the federal district court determined that summary judgment was not proper. However, as applicable here, the trial court, and this Court, must base its decision on actions, lack of action, and proceedings in state court, under Oklahoma Court Rules, and not upon some other proceeding in some other court.

■ Merritt contends the sanctions were improper because the Supreme Court had previously ruled, in effect, that the Andersons had a valid, justiciable cause of action against McGraw–Edison. See the decision of the Supreme Court in the first appeal in this case which is: *Anderson v. Northwestern Electrical Cooperative*, 760 P.2d 188 (Okl.1988). In *Anderson*, at pp. 190–191, the Court said:

The Oklahoma Constitution, art 23, § 6, requires that the defense of assumption of the risk 'shall in all cases whatsoever, be a question of fact, and shall, at all times, be left for the jury.' This mandatory language has been strictly followed. However, two narrowly defined judicial exceptions to the absolute rule of submission of the issue to the trier of fact have developed. These exceptions are set forth in *Flanders v. Crane Co.*, 693 P.2d 602, 606 (Okla.1985), upon which both the appellants and appellees rely as authority for their positions. In *Flanders*, we stated the general principle that in cases where assumption of the risk and contributory negligence are issues, art. 23, § 6, requires that they always be submitted to a jury except under two

narrowly defined instructions: (1) where a plaintiff fails to present evidence tending to show primary negligence on the part of the defendant; or (2) where, upon the undisputed facts, reasonable people exercising fair and impartial judgment could not reasonable reach different conclusions concerning the issues.

\* \* \* \* \* \*

On the first issue—primary negligence— the appellants attached to their brief in opposition to the motion for summary judgment an affidavit by an expert in the field of electricity enumerating five areas in which he felt violations of good engineering practices and negligent operation and maintenance by Northwestern and McGraw–Edison contributed directly to Anderson's injury. The appellees argue that this statement was insufficient to show any indication of primary negligence on their parts because the electrical lines were a mere condition which a negligent plaintiff encountered. However, the expert's statements indicate that good engineering practices require some minimal protection to the general public. This evidence alone was sufficient to survive the appellees' motion for summary judgment on the issue of negligence.

Clearly, the Supreme Court, in *Anderson*, held that sufficient evidentiary materials had been presented on the issue of primary negligence on the part of McGraw–Edison to prevent summary judgment and to require a jury trial. That decision became the law of this case. As we view the sanctions order, it constitutes an order contrary to the express holding of the Supreme Court, or, it constitutes a sanctions order for simply maintaining the action as opposed to so-called active prosecution of Andersons' claims. It is entirely possible to construe the sanctions order as being a penalty for failure to pursue discovery, or to respond properly to discovery requests, or to properly supplement previous discovery material. However, the sanctions were not imposed under the discovery rules. The authority relied on by the trial court was the amended § 2011. A final decision of an Appellate Court that a claimant's

action is supported by sufficient evidentiary materials to require a jury trial, in an appeal from a trial court entering summary judgment, becomes the law of the case. Absent compelling reasons to the contrary, an attorney for the claimant may not be sanctioned for continuing to maintain that claimant's action against the defendant or defendants who suffered the adverse decision on appeal. It follows that the sanctions order must be vacated.

We are constrained to point out that the purpose of § 2011, and other statutes and court rules to the same effect, is to prevent the maintenance of actions which are not well based in law or fact, and to prevent defendants from being required to expend unnecessarily large sums of money in defense of such actions. However, § 2011 should not be construed or applied in such manner as to prevent an action, which is reasonably based in law and fact from being filed and maintained, or from being dismissed. On the other hand, when a party or an attorney maintains an action not reasonably well based in law or fact, then sanctions are proper and have become an economic necessity in our "notice pleading" and "discovery oriented" system.

■ In addition to the above, Merritt contends the trial court erred when sanctions were imposed, because the Court, in so doing, did not refer to any specific pleading that Merritt signed to show that he did not comply with § 2011, but instead referred to "numerous pleadings". We do not hold that the trial court must detail the precise pleadings upon which the sanctions are based. However, it is obvious that the imposition of sanctions is penal in nature. This is especially true when accepted constitutional principles require the courts to be open to litigants at all proper times. Thus, we hold that applications for imposition of sanctions, and actions by the court on its own motion, must be sufficiently detailed so that the one against whom such proceeding is prosecuted may determine the action or actions from which the sanctions charges arise. The order or judgment of the court must be sufficiently detailed that the condemned action or actions may be identified from the record. The order appealed in this case does not, in our view, sufficiently identify the condemned conduct or signatures. "Numerous pleadings", without more, is not sufficient.

In view of the foregoing, it becomes unnecessary to consider other contentions of the parties.

The order for sanctions is reversed. This case is remanded with instructions to vacate the sanctions order, and to deny the application of McGraw–Edison.

REVERSED AND REMANDED WITH INSTRUCTIONS.

ADAMS, P.J., and JONES, J., concur.