**ESTATE of Glen WILLIAMS, by Homer WILLIAMS, Administrator, Appellant,**

v.

**PREFERRED RISK GROUP INSURANCE COMPANY, and David Barton Randall Priller, Defendants,**

**Dairyland Insurance Company, Appellee.**

No. 79488.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 21, 1993.

James F. Howell, Allen B. Massie, Midwest City, for appellant.

Eileen M. Morris, Kenneth W. Elliott, Oklahoma City, for appellee.

## OPINION

HUNTER, Presiding Judge:

Appellee, Dairyland Insurance Company (Dairyland), had issued an automobile liability insurance policy to Glen Williams. The policy provided Uninsured Motorist (UM) coverage and medical payment coverage. The policy was in effect at the time of Williams' death. Defendant Priller (Priller) pled guilty to second degree murder as a result of Priller's attack on and beating of Williams. The attack occurred while Williams occupied the driver's seat and Priller occupied the front passenger seat in Williams' insured car.

Decedent Williams' estate (Williams) sued defendants and Appellee, Dairyland Insurance Company, alleging it was entitled to damages pursuant to the Uninsured Motorist law, 36 O.S.Supp.1989 § 3636. The trial court granted Dairyland's motion for summary judgment. The court determined that the uninsured motorist provisions of the insurance policies did not, as a matter of law, furnish coverage to Williams or his estate for the assault and battery which resulted in Williams' death. Appellant's motion for reconsideration of the grant of summary judgment was overruled.

When evidence is presented to the trial court by documentary material, such as in the case of motions for summary judgment, the appellate court may substitute its analysis of the record for that of the trial court. Because there is nothing to weigh as to credibility of witnesses, the reviewing court acts as court of first instance and may render the judgment the trial court should have rendered. *Loffland Bros. v. Overstreet,* 758 P.2d 813, 817 (Okl.1988). Before summary judgment is proper, there must be no substantial dispute as to any material fact and one party must be entitled to judgment as a matter of law. 12 O.S. Supp.1984, Ch. 2, App., Dist.Ct.R. 13(e); *Flanders v. Crane Co.,* 693 P.2d 602, 605 (Okl.1984).

Appellant claims that Priller's attack was enhanced by and incidental to the "transportation nature" of the car and incidental to the use of the car; that Priller was in control of the car and therefor was the operator of an uninsured motor vehicle and that the medpay policy applies because Williams was killed by an accident while Williams was occupying the owned-covered automobile.

The parties cite *Safeco Ins. Co. of America v. Sanders,* 803 P.2d 688 (Okl.1990) for guidance in determining whether UM applies to the facts in the instant case. The *Sanders* court, at 690, is careful to preface its reasoning with the rule that these issues (involving UM coverage) turn on the particular and unique facts in each case.

*Sanders* states a four-step test for determining whether UM coverage applies:

1. Does the injury arise out of the use of the motor vehicle as contemplated by 36 O.S.1981 § 3636?

2. If the injury arose out of the use of a motor vehicle, was there a causal connection between the use of the vehicle and the injury?

a) is a use of the vehicle connected to the injury? and,

b) is that use related to the transportation nature of the vehicle?

3. If the causal connection existed, do the acts of the tortfeasor constitute acts of independent significance to sever any causal line?

4. Was the tort-feasor an operator of the vehicle during the commission of the wrongful act?

The *Sanders* court, at 695, held that if the act which caused the injury was so contrary to the transportation nature of the vehicle, then, as a matter of law, the injury is

not within UM coverage. In *Sanders*, the acts contrary to the transportation nature of the car consisted of cutting the fuel line and lighting the fuel after the car was parked. In the instant case, the acts are an assault and battery. Our review of the record confirms the court's finding that the UM provisions do not furnish coverage to Appellant. Priller's attack and beating of Williams, actions which directly caused Williams' death, are tortious. For the purpose of UM, however, they are independent acts of significance, unrelated to the transportation nature of the vehicle, which severed the causal connection. *Sanders* at 695.

For these reasons, we need not reach the question whether Priller was an "operator" of the vehicle. Appellant also gratuitously raises the non-issue that the assault was an accident from Williams' viewpoint. The trial court found that the assault was an accident from Williams' viewpoint.

 Finally Appellant asserts that *Willard v. Kelley*, 803 P.2d 1124 (Okl.1990) requires the court to find that the medical payment provision is applicable because the insured was occupying the owned covered auto and the injury was accidental. In *Kelley*, the insurance company asserted that the police officer, Willard, was not occupying the automobile when he was injured by Kelley's gun shots at him. Being shot by Kelley was an accident from Willard's viewpoint, but he was injured after he had stepped out of the car. The Oklahoma Supreme Court held, at 1132, that the term "occupying" meant alighting from or entering into an automobile. The record in the instant case reveals that Williams was inside and occupying the driver's seat of his car when he was attacked and beaten. He subsequently died while still seated in the driver's seat. The court found that the attack was an accident from Williams' viewpoint. A clear reading of the contract provision as applied to these undisputed facts leads us to reverse the grant of summary judgment in favor of Dairyland on the issue of the medical payment provision.

For these reasons, after having thoroughly reviewed the record, we affirm the court's order granting summary judgment in favor of Dairyland on the issue of the Uninsured Motorist coverage. We reverse the grant of summary judgment in favor of Dairyland on the issue of medical payment provision, however, and enter summary judgment in favor of Appellant on the issue of the medical payment provision and remand for an evidentiary hearing as to the amount, not to exceed policy limits.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

GARRETT and BAILEY, JJ., concur.