**BIG JOHN'S LUMBER COMPANY OF MUSKOGEE, INC., an Oklahoma Corporation, Appellant,**

v.

**CITY BANK OF MUSKOGEE, Appellee.**

No. 85470.

Court of Appeals of Oklahoma,
Division No. 1.

July 18, 1995.

Gregory G. Meier, Tulsa, for appellant.

Terry W. Tippens, Doneen Douglas Jones, Oklahoma City, for appellee.

### *MEMORANDUM OPINION*

GARRETT, Chief Judge:

Big John's Lumber Company (Appellant or Lumber Co.) was destroyed by fire. At the time of the fire, Lumber Co. owed City Bank of Muskogee (Bank) on a promissory note executed by Lumber Co. to Bank. The note was secured by Lumber Co.'s real property, equipment, fixtures, accounts receivable, general intangibles, machinery and inventory, and was 80% guaranteed by the Small Busi-

---

ness Administration (SBA). Most of the secured property was completely destroyed in the fire with the exception of the building, which was only partially destroyed. Lumber Co. negotiated a settlement with its insurance carrier for $322,000.00, and then turned the insurance proceeds over to Bank. Bank applied the $322,000.00 as a payment on the note. When Lumber Co. turned the insurance proceeds to Bank, it was two months late on loan payments.

Lumber Co. wanted to rebuild. Discussions between Lumber Co. and Bank took place to that end. Bank sent a letter to the SBA requesting approval of Lumber Co. for a new guaranteed loan. Shortly thereafter, Lumber Co. was sued by an unpaid vendor. The SBA denied the request to guarantee a new loan. Bank denied Lumber Co.'s request for a loan, citing SBA's refusal to guarantee it.

Lumber Co. brought an action against Bank for conversion. It alleged Bank had agreed to apply $200,000.00 to the outstanding debt and allow the remainder to be used by Lumber Co. for rebuilding. Instead, Bank had "converted said sums to its own benefit" causing Lumber Co. to go out of business. Bank answered and alleged any disposition of the proceeds was subject to the written approval of both Bank and the SBA pursuant to the loan documents and Oklahoma statutes.

Bank moved for summary judgment and contended: (1) 15 O.S.1991 § 140 precluded an action against a bank to enforce an oral agreement to lend money; (2) there was no consideration for the purported agreement; and, (3) the purported agreement was unenforceable because the approval of the SBA was not obtained. Bank contended it had discussed the possibility of a new loan with Lumber Co., but the new loan was contingent on the approval and guarantee by SBA. Bank further contended SBA approval and guarantee was not obtained because Lumber Co. had misrepresented its financial status as it had not reported the unpaid vendor that sued Lumber Co.

Lumber Co. filed a response to Bank's motion for summary judgment and alleged there were material facts in dispute. Lumber Co. contended it did not discuss a new loan or "readvancement" of a loan with Bank, but that the discussion centered on Bank agreeing to accept part of the insurance proceeds with the remaining portion to be returned to Lumber Co. for rebuilding. Lumber Co. also contended Bank stated it needed SBA approval to "split" the insurance proceeds, but that was easily accomplished with only a letter/memo. Lumber Co. contended Bank did not request this approval, but requested SBA to approve and guarantee a new loan several days after it had applied the entire amount of the insurance proceeds to the first loan.

The court sustained Bank's motion for summary judgment. Lumber Co. contends this was error because there were material facts in dispute, particularly regarding the issues of conversion and/or fraud. Lumber Co. also contends it is not precluded from pursing its claim by 15 O.S.1991 § 140(B). While it is clear the parties dispute certain facts, Lumber Co. was precluded from asserting its claim against Bank by § 140(B) [1] which provides:

> No lender or borrower may maintain an action to enforce or seek damages for the breach of any term or condition of credit agreement having a principal amount greater than Fifteen Thousand Dollars ($15,000.00), unless such term or condition has been agreed to in writing and signed by the party against whom it is sought to be enforced or against whom damages are sought.

A "credit agreement" is defined in 15 O.S. 1991 § 140(A)(1) as:

> "Credit agreement" means an agreement by a financial institution to lend money, extend credit or otherwise make any other financial accommodation, or to renew, extend, modify, rearrange or forebear the repayment of any such loan, extension of credit or financial accommodation, but does

---

**1.** The exceptions contained in 15 O.S.1991 § 140(C) do not apply to the situation being considered.

not include any promissory note, real estate mortgage, or security agreement.

The transaction between Bank and Lumber Co. was a credit agreement as defined by § 140(A)(1) whether it centered on a new loan, "readvancement" of an existing loan or revolved around Bank and Lumber Co. "splitting" the insurance proceeds. Lumber Co. maintains it sought over $122,000.00 in insurance proceeds returned to it, but there has been no allegation of any agreement reduced to writing. These elements fall squarely within those defined by § 140(B).

Summary judgment is appropriate when there is no substantial controversy as to any material fact and one party is entitled to judgment as a matter of law. *Flanders v. Crane*, 693 P.2d 602 (Okl.1984); Rule 13(e), Rules for District Courts, 12 O.S.1991 Ch. 2, App. 1. Lumber Co., as a matter of law, was barred from maintaining this action against Bank. Therefore, there was no disputed material fact for a jury's consideration. Summary judgment was proper. See, *Sellers v. Oklahoma Publishing Co.*, 687 P.2d 116 (Okl. 1984).

AFFIRMED.

JONES, P.J., and JOPLIN, J., concur.