2000 OK CIV APP 23

Col. William C. QUANTRILL, Camp No. 1739, Sons Of Confederate Veterans, an unincorporated association, and William Craig Buis, an individual, Plaintiffs / Appellants,

v.

Pamela WARREN, Director of the Office of Central Services, State of Oklahoma, Defendant / Appellee.

No. 92,717.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 22, 1999.

Certiorari Denied Jan. 25, 2000.

F. Eugene Hough, Legacy Law Center, Tulsa, Oklahoma, and Brad Smith, Jenks, Oklahoma, For Appellants,

Drew Edmonson, Attorney General of Oklahoma, Neal Leader, Assistant Attorney General, Oklahoma City, Oklahoma, For Appellee.

### OPINION

GARRETT, Judge:

¶1 Plaintiffs / Appellants, Col. William C. Quantrill, Camp No. 1739, Sons of Confederate Veterans, an unincorporated association, and William Craig Buis, an individual, filed a petition for a writ of mandamus, seeking to require Defendant /Appellee, Pamela Warren, as Director of the Office of Central Services, State of Oklahoma, to fly a flag of the Confederate States of America at the State Capitol in Oklahoma City.[1]

¶2 Appellants alleged failure to fly that flag constituted a violation of a local and special law enacted by the Oklahoma Legislature in 1988 as S.J. Res. 48. As pertinent here, Sections 1 and 4 of that resolution were:

Section 1. The director of the Office of Public Affairs is hereby directed to cause to be displayed in a dignified manner at

---

1. Whether this "unincorporated association" is a legal entity which may prosecute or defend an action in court has not been made an issue. Obviously, William Craig Buis, as an individual, may be a litigant. We express no opinion as to whether the association may only act through a trustee or trustees. The "standing" defense, as presented, did not challenge the status of the association as to whether it is a legal entity, or whether it may only act through a trustee or trustees.

the Oklahoma State Capitol, in addition to the current United States of America flag, replicas of the fourteen (14) flags, standards or banners of the nations and governments which have claimed ownership of and influence over the territory encompassed by the borders of the State of Oklahoma.

\* \* \* \*

Section 4. In addition to the current United States of America Flag, said flags standards and banners to be displayed shall be: Coronado's Royal Standard of Spain of 1541; the Great Union of Great Britain flag of 1663; the French Royal Standard of 1719; the Standard of the Spanish Empire of 1763; the Standard of Napoleon's French Republic of 1800; the fifteen-star United States of America flag of 1803; the twenty-star United States of America flag of 1818; the Republic of Mexico flag which flew over the Oklahoma Panhandle from 1821 to 1836; The Republic of Texas flag which flew over the Oklahoma Panhandle from 1836 to 1839; the Lone Star Flag of Texas which flew over the Oklahoma Panhandle from 1839 to 1850; the Flag of the Choctaw Indian nation carrier by Choctaw Nation Confederate troops from 1861 to 1865; *the Confederate States of America flag of 1861 to 1865;* the Oklahoma State flag adopted by the Oklahoma State Legislature in 1911; and the Oklahoma State flag adopted by the Oklahoma State Legislature in 1925. (Emphasis supplied.)[2]

Appellants also alleged the "Confederate States Flag of America", had been flown until 1988 as a part of the fourteen flags display, but has since been removed. They claim it was the recognized flag of the Confederate States of America, displaying a pattern of 13 stars in the Cross of St. Andrew, commonly known as the "Battle Flag".

¶ 3 Defendant / Appellee interposed numerous defenses. She cited the Oklahoma Constitution and its requirements for enactment of special and local laws. Another defense was that the provisions of S.J. Res. 48 were not included in the Oklahoma Statutes 1991, and are not effective as law. Ordinarily, special and local laws are prohibited, but some are allowed. Oklahoma Constitution, Art. 5, § 32 provides:

No special or local law shall be considered by the Legislature until notice of the intended introduction of such bill or bills shall first have been published for four consecutive weeks in some weekly newspaper published or of general circulation in the city or county affected by such law, stating in substance the contents thereof, and verified proof of such publication filed with the Secretary of State.

The evidentiary materials submitted with the motion for summary judgment establish, even if notice of the introduction of S.J. Res. 48 was given, verified proof of its publication was not filed with the Secretary of State. As to a special or local law, this is fatal.

¶ 4 If S.J. Res. 48 was a law of general and permanent nature, it should have been included in the 1988, 1989 and 1990 statutory supplements. When Oklahoma Statutes 1991 was compiled, codified, approved by the Supreme Court and adopted, the provisions of said resolution were not included. 75 O.S. 1991 § 171 authorized Oklahoma Statutes 1991. 75 O.S.1991 § 172 required it to contain all Oklahoma laws of a "general and permanent nature." The statute adopting the Oklahoma Statutes 1991, 75 O.S.1991 § 178, provides:

The Oklahoma Statutes 1991, prepared by West Publishing Company and in six (6) volumes as above provided for, after the same shall have been approved by the Justices of the Supreme Court of the State of Oklahoma as hereinabove provided, shall be as provided in Section 179 of this title, and are hereby adopted as the general and public laws of the State of Oklahoma and the official Statutes of the State of Oklahoma, as to all laws therein contained. Provided, however, that this act shall not be construed to repeal or in any way affect or modify any special or local laws or any law making an appropriation or any law relating to any special election or validating act, or any law affecting any bond issue

2. See pages 1892–1893 of the 1988 Oklahoma Session laws.

or by which any bond issue may have been authorized, nor to affect any pending proceedings or any existing rights or remedies, nor the running of the statutes of limitations in force at the time of the approval of this act; but all such local and special laws, laws making appropriations, laws relating to special elections, validating acts, and laws relating to or authorizing bond issues, pending proceedings, and existing rights and remedies, and statutes of limitations running and in force at the time of the approval of this act shall continue and exist in all respects as if this act had not been passed. Provided, further, that this act shall not be construed to alter, change, impair, disparage, vest or divest, or in any way affect any right or interest in the United States, the State of Oklahoma, any of the Five Civilized Tribes, or other Tribes or Nations of Indians within the State of Oklahoma, nor shall the same be construed to repeal any act of the Legislature of the State of Oklahoma enacted subsequent to the adjournment of the First Regular Session of the Forty-third Legislature of the State of Oklahoma. (Footnotes omitted).

¶ 5 Clearly, and as alleged by Plaintiffs / Appellants, S.J. Res. 48 of the 1988 Oklahoma Legislature was then and ever since has been treated as a special or local law or as a temporary legislative resolution. If it was a special or local law, it was not properly enacted. If it was a law of general and permanent nature, the failure to include it in Oklahoma Statutes 1991, constitutes a repeal of its provisions. It follows that the provisions of said S.J. Res. 48 are not now effective. Therefore, said senate joint resolution does not impose a duty on Defendant / Appellee. It becomes unnecessary to consider the other arguments of the parties.

■ ¶ 6 One who seeks a writ of mandamus has the duty to show a clear right to the writ. *Maule v. Independent School Dist. No. 9 of Tulsa County*, 1985 OK 110, 714 P.2d 198; *Draper v. State*, 1980 OK 117, 621 P.2d 1142; *Canady v. Reynolds*, 1994 OK CR 54, 880 P.2d 391. Plaintiffs / Appellants have failed to sustain their burden in this respect.

¶ 7 Summary judgment is appropriate when, as here, there is no substantial controversy as to any material fact and one party is entitled to judgment as a matter of law. *Flanders v. Crane*, 1984 OK 88, 693 P.2d 602. The summary judgment was proper.

¶ 8 AFFIRMED.

¶ 9 JOPLIN, J., and BUETTNER, P.J., concur.